■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HIPOLITO RAMOS AND ADOLFO GOMEZ, Appellants.— Judgment of conviction unanimously modified, on the law and on the facts, by reducing the degree of crime, manslaughter in the first degree, of which appellant Ramos has been convicted to manslaughter in the second degree, and by imposing sentence therefor of 7 to 10 years, and as thus modified the judgment is affirmed. Judgment of conviction of appellant Gomez for the crime of manslaughter in the second degree and the sentence thereon of 7 to 10 years is unanimously affirmed. While the variant versions of the fatal shooting in this case make it impossible to infer beyond a reasonable doubt who was the person responsible for the fatal shot, it is quite clear that both defendants, Ramos and Gomez, wielded pistols in the street fracas. The jury could find that one of them actually shot the deceased, but not which one of them did so. Moreover, the jury was justified in concluding that they were acting in concert. On the other hand, there is insufficient evidence, beyond a reasonable doubt, to distinguish the role of Gomez from that of Ramos to sustain the elements of manslaughter in the first degree against Ramos and not against Gomez. One can only conclude that the jury determined that Ramos was responsible for the fatal shot, without sufficient basis in the record to satisfy the standard of proof beyond a reasonable doubt. This in turn may have prompted it to return verdicts in the different degrees against the defendants. Although the foregoing is speculation, it is not speculative that the record fails to justify a verdict for a higher degree of crime against Ramos as compared with Gomez. Moreover, it is only a very strained interpretation of the record which would allow of the finding of concerted activity by the defendants in which a first degree manslaughter was committed by Ramos, and " an act, procurement or culpable negligence ", not amounting to any of the higher degrees of homicide, including manslaughter in the first degree, was committed by Gomez. This situation is different from that involved in *People* v. *May* (9 A D 2d 508), but there is parallel to be drawn. In the *May* case, of two acting in concert, one might have formed the instantaneous intent to commit murder in the second degree, while the other, on the record, might not have. In this case, one of the two (if the proof supported the distinction) could have formed instantaneously the elements, each involving some intent, to support the first degree crime, while the other, if acting in concert with respect to an activity involving less than such intent would not be guilty of the higher crime. While this is conceivable, the record, on a sensible evaluation of the conflicting stories by every witness, does not support the distinction made by the jury between the two defendants. It is appropriate, therefore, to reduce the conviction of Ramos from the higher to the lower degree of the crime. The court has such power in a proper case (Code Crim. Pro., § 543; *People* v. *May, supra*). Concur — Breitel, J. P., McNally, Stevens, Steuer and Staley, JJ.